UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LESLIE CAROL LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   CV424-124 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), seeking $8,500.18 in fees. Doc. 21. Before the expiration of Defendant's time to respond, *see* S.D. Ga. L. Civ. R. 7.5, Plaintiff filed an Amended Motion seeking $8,075.17 in fees. Doc. 23. In it, Plaintiff explains that the parties conferred and "agreed to settle for the amount requested," explicitly representing that Defendant does not object to the Amended Motion. *Id.* at 2.

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C.

§ 2412(d)(1)(A)).  A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment.  *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).  Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party since, on the Defendant's motion, the Court remanded the case to the Social Security Administration for further proceedings.  *See* doc. 18 (Consent Motion to Remand); doc. 19 (Order); doc. 20 (Judgment).  Her request for fees is timely.  *Compare* doc. 20 (Judgment entered November 18, 2024) *with* doc. 21 (Original Motion filed January 28, 2025); doc. 23 (Amended Motion filed February 10, 2025).  By its consent to the Amended Motion, Defendant does not appear to contend that its position was substantially justified.  *See* doc. 23 at 2; doc. 24 at 1 (alleging the Government's position was "not substantially justified"); *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir.

1987) ("The government bears the burden of showing that its position was substantially justified."). Plaintiff is, therefore, entitled to an award pursuant to the EAJA.

The Court must then determine whether the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff originally asserted that an hourly rate of $250.32 for attorney time and an hourly rate of $75.00 for paralegal time are appropriate in this case, considering the cost-of-living increase as measured by the Consumer Price Index. Doc. 22 at 2. Applying those rates, the original Motion then seeks $7,960.18 for 31.8 hours of attorney time, and $540.00 for 7.2 hours of paralegal time for a total EAJA request of $4,500.18. *Id.*

The Amended Motion explains that the parties conferred and agreed to "settle this motion" for a total fee award of $8,075.17. Doc. 24

at 2. Although the parties do not provide the basis for this $425.01 reduction, given the Defendant's consent to the reduced award, the Court finds the requested fee award reasonable. *See* doc. 24-3 (attorney and staff ledger of time expended on matter); doc. 24-2 (Consumer Price Index table and rate calculation); *Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019) (finding an hourly rate of $75 for paralegals reasonable).

Plaintiff asks that the Court order the government to pay the EAJA award directly to Plaintiff's counsel. Doc. 23 at 1; *see also* doc. 24-1 (EAJA Fee assignment). In *Astrue v. Ratliff*, the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 (2010). Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Therefore, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA

Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

Based on the above, the Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act is **GRANTED**. Doc. 23. The original Motion is **DISMISSED AS MOOT**. Doc. 21. The Court awards EAJA fees totaling $8,075.17 to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it to the discretion of the Government to accept Plaintiff's assignment of EAJA Fees after a determination that Plaintiff does not owe a federal debt.

**SO ORDERED**, this 11th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA